**STATE of Maine**

**v.**

**Roger GRANDMAISON.**

Supreme Judicial Court of Maine.

Nov. 12, 1974.

Roland A. Cole, County Atty., Alfred, for plaintiff.

James H. Dineen, Kittery, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

The defendant was indicted for Robbery (17 M.R.S.A. § 3401) and, after trial before a jury, was convicted. We deny the defendant's appeal from that conviction.

Appellant and one Michael Niemszyk were separately indicted for the identical offense. The facts of the instant case are essentially parallel to those of State v. Niemszyk, 303 A.2d 105 (Me.1973) but, for the purpose of this opinion, we summarize the pertinent facts (more fully discussed in *Niemszyk, supra*).

On January 19, 1971, a bank in South Berwick, Maine, was robbed by three men. Near the bank authorities discovered an abandoned automobile registered in New

Hampshire in the name of one Grace Bailey. A Portsmouth policeman was dispatched to her apartment where he questioned her concerning the whereabouts of her automobile. Several other policemen arrived shortly and one, fearing danger, asked to "look around" the apartment. Whether the police were given consent to do this is in dispute. In any event, as a result three persons who answered the description of the robbery suspects were found in the apartment kitchen playing cards. One of these was the appellant. The three were taken into custody pursuant to N.H.R.S.A. ch. 594, § 2.[1] Subsequently, Grace Bailey, being the sole lessee of the apartment, signed a form consenting to a search of this apartment. Acting pursuant to this consent, the police discovered incriminating evidence concealed in the basement which was used in common by Mrs. Bailey and other tenants.

On January 20, 1971, the defendant waived extradition and was returned to Maine. Forty-two hours after his return he gave a voluntary statement to the Maine authorities implicating himself in the robbery.

In *Niemszyk, supra*, we held that Grace Bailey's consent to search her apartment and the basement used in conjunction therewith was not the product of coercion or duress. We ruled that the evidence subsequently found in the basement was admissible since it was not tainted by the arguably non-consensual preliminary search of the apartment leading to the discovery and arrest of Niemszyk, appellant, and one other. Grandmaison raises the same issues but our decision in *Niemszyk* is dispositive on these points.

[1]. "594:2 Questioning and Detaining Suspects (a) A peace officer may stop *any person abroad* whom he has reason to suspect is committing, has committed or is about to commit a crime, and may demand of him his name, address, business abroad and whither he is going.
(b) Any person questioned as provided in subsection (a) who fails to identify himself and explain his actions to the satisfaction of the peace officer stopping him may be

detained and further questioned and investigated.
(c) In no case shall the total period of detention provided for by subsections (a) and (b) exceed four hours. Such detention .shall not constitute an arrest and shall not be recorded as such in any official record. At the end of any such detention period the person so detained shall be released unless arrested and charged with a crime." (Emphasis supplied.)

■ Appellant, however, further contends that the lessee of the apartment in which he was a guest could not properly consent to a search of the basement over which other tenants, or their guests, exercised an equal authority. This argument is without merit. One who possesses common authority over premises has a sufficient interest in his own right to permit its inspection. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

■ Mrs. Bailey was the lessee of the apartment and appellant was merely a guest therein. Since her possessory rights thus exceeded his, a warrantless search pursuant to her consent is legally valid. As we recently said in State v. Thibodeau, 317 A.2d 172, 178 (Me.1974):

> "Where the consenting person, as in the instant case, had more than joint and equal possession and control of the premises, a fortiori, [she] had sufficient control to bind other occupants by [her] consent to a search. . . ."

■ The appellant next argues that the New Hampshire statute did not authorize his detention since he was not a "person abroad" within the meaning of the statute.[2] *Assuming* for the purpose of this appeal that this contention is true, we find that the confession subsequently obtained was not the "fruit" of that detention and was therefore properly admitted.

It is unquestioned that not all evidence is "fruit of the poisonous tree" simply because it would not have been discovered but for the illegal actions of the police. Such evidence must be excluded only if it has been obtained by exploitation of that illegality rather than by means sufficiently distinguishable so as to be purged of the primary taint. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); *Niemszyk, supra.*

Appellant did not make the challenged statement until almost three days after he was first detained by the New Hampshire police. Having been informed of his right to a writ of habeas corpus to challenge the extradition proceedings, he signed a form waiving this right and agreed voluntarily to return to Maine. Forty-two hours thereafter he confessed to the Maine authorities but only after a full explanation of his so-called "Miranda" rights and after he had signed a statement indicating that he understood these rights and voluntarily waived them. At no time during his custody was he subjected to rigorous or continuous interrogation. Thus, intervening between the New Hampshire arrest and the confession were clear acts of free will on the part of the appellant which "purge the evidence of its stigma." Rogers v. United States, 330 F.2d 535, 541 (5th Cir. 1964), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964); *see also* Allen v. Cupp, 426 F.2d 756 (9th Cir. 1970); Phelper v. Decker, 401 F.2d 232 (5th Cir. 1968).

On these facts the connection between the New Hampshire detention and the confession had become so attenuated that any taint (if such there was) had been dissipated. *Wong Sun, supra.*

The entry is:

Appeal denied.

All Justices concurring.

---

2. N.H.R.S.A. ch. 594, § 2.