STATE of Maine

v.

**Walter J. CAREY.**

Supreme Judicial Court of Maine.

Argued May 2, 1980.

Decided Aug. 6, 1980.

A fraternity at the University of Maine at Orono distributed flyers, which were labeled "invitations," announcing that a party would be held at the fraternity house on the evening of February 24, 1979. Because these circulars also announced that mixed drinks and beer would be available at the function, university police gave one of the widely disseminated invitations to the state bureau of liquor enforcement. Two undercover enforcement inspectors were assigned to attend the party to determine whether liquor would be sold without a license. On the night of the event, these inspectors, with invitation in hand, joined a line of persons awaiting entrance outside the fraternity house. At the door, the two men were asked whether they were liquor inspectors. They responded in the negative and proceeded into the house, noting a posted sign which read: "No Pets or Liquor Inspectors Allowed." Each inspector then purchased a mixed drink from the defendant, who was selling liquor from behind a bar.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Chalmers Hardenbergh (orally), Student Legal Services, University of Maine, Orono, for defendant.

Before WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

In the Superior Court, Penobscot County, the defendant, Walter Carey, was found guilty of the unlawful sale of intoxicating liquor, 28 M.R.S.A. § 1055, a Class E offense under 17–A M.R.S.A. § 4–A(3)(E). As his sole contention on appeal, the defendant argues that the Superior Court Justice erred in denying his pre-trial motion to suppress evidence secured as a result of an allegedly unlawful search conducted without a warrant. We affirm the judgment.

Preliminarily, the parties contest the appropriate standard of review. The State contends that the determination of the Superior Court Justice in denying the suppression motion should be upheld unless clearly erroneous. It is clear, however, that although this standard pertains to questions of fact, e. g., State v. Smith, Me., 379 A.2d 722, 724 (1977), it has no application where, as here, the issue on undisputed facts is whether as a matter of law an entry secured by deception violates the fourth amendment.

As a variant of the "misplaced-confidence" rule it developed in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966),[1] decided the same day, the United States Supreme Court held in Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), that a defendant's fourth amendment rights were

1. In Hoffa, the Court held that the fourth amendment does not safeguard "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." 385 U.S. at 302, 87 S.Ct. at 413. See also Lopez v. United States, 373 U.S. 427, 437–38, 83 S.Ct. 1381, 1387, 10 L.Ed.2d 462 (1963).

not violated when an undercover agent, deceiving the defendant as to his identity, was invited into the defendant's home to participate in an unlawful drug transaction:

> [W]hen, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises *for the very purposes contemplated by the occupant. Id.* at 211, 87 S.Ct. at 427. (Emphasis added).

The Court's subsequent reformulation of fourth amendment protections in terms of a legitimate expectation of privacy in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), did not affect the vitality of the *Lewis* or *Hoffa* decisions. *United States v. White*, 401 U.S. 745, 749, 91 S.Ct. 1122, 1124, 28 L.Ed.2d 453 (1971) (plurality). In post-*Katz* terms, entry by deception as to identity does not violate the fourth amendment because the occupant has no legitimate expectation of privacy concerning criminal conduct or evidence of such conduct that he voluntarily reveals to the government agent. *See, e. g., United States v. Haden*, 397 F.2d 460, 464–65 (7th Cir. 1968), *cert. denied*, 396 U.S. 1027, 90 S.Ct. 574, 24 L.Ed.2d 523 (1970); *State v. Roy*, 54 Haw. 513, 515–517, 510 P.2d 1066, 1068 (1973). *See also Rakas v. Illinois*, 439 U.S. 128, 143 n.12, 99 S.Ct. 421, 430–431 n.12, 58 L.Ed.2d 387 (1978).

Although conceding the applicability of *Lewis* to the facts of the instant case, the defendant argues that the entry by ruse was impermissible because the inspectors lacked probable cause at the time of entry to believe that liquor would be sold on the premises.[2] In addition, the defendant asserts that the inspectors did not enter for the purpose contemplated by the occupants, which was to conduct a private party "to have a good time," with only incidental commercial activity. The defendant primarily relies on an early federal circuit court case, *Fraternal Order of Eagles v. United States*, 57 F.2d 93 (3d Cir. 1932), which held illegal an entry onto the premises of a fraternal organization by prohibition agents which was accomplished by a misrepresentation that they were members in good standing of a distant lodge. *Id.* at 93–94. This case, emphasizing a broad rule that deception vitiates consent, has been largely discredited, *see, e. g., United States v. Bush*, 283 F.2d 51, 53–54 (6th Cir. 1960), *cert. denied*, 364 U.S. 942, 81 S.Ct. 461, 5 L.Ed.2d 373 (1961); *State v. Goeller*, 264 N.W.2d 472, 475–76 (N.D.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978), and is inconsistent with more recent Supreme Court pronouncements, notably the *Lewis* decision, which recognize the practical necessity for the use of deception in criminal investigations,[3] *e. g., Lewis v. United States, supra*, 385 U.S. at 208–10, 87 S.Ct. at 425–427; *see* 2 W. LaFave, *Search and Seizure* § 8.2(m) (1978). *See also State v. Gellers*, Me., 282 A.2d 173, 177 n.3 (1971), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2047, 32 L.Ed.2d 337 (1972).

██ The contentions of the defendant have no merit. Courts construing *Lewis* uniformly hold that the fourth amendment is not violated when undercover agents gain entry into a private home by concealing or misrepresenting their identity so long as the entry is "for the very purposes contemplat-

---

**2.** The State concedes that at the time of the entry the inspectors lacked probable cause to believe that liquor would be sold illegally at the party.

No question is raised concerning the doorkeeper's authority to consent to the entry. *See State v. Grandmaison*, Me., 327 A.2d 868, 870 (1974).

**3.** " 'Particularly, in the enforcement of vice, liquor or narcotics laws, it is all but impossible to obtain evidence for prosecution save by the use of decoys. There are rarely complaining witnesses. The participants in the crime enjoy themselves.' " *Lewis v. United States, supra*, 385 U.S. at 210 n.6, 87 S.Ct. at 427 n.6, *quoting* Model Penal Code § 2.10, Comment at 16 (Tent. Draft No. 9, 1959).

ed by the occupant." [4] 385 U.S. at 211. *See, e. g., United States v. Guidry,* 534 F.2d 1220, 1222 (6th Cir. 1976); *United States v. Glassel,* 488 F.2d 143, 145 (9th Cir. 1973), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974); *State v. Roy, supra,* 54 Haw. at 515–517, 510 P.2d at 1068; *Commonwealth v. Herron,* 243 Pa.Super. 319, 335–338, 365 A.2d 871, 879–80 (1976); *cf. United States v. Haden, supra,* 397 F.2d at 465 (automobile). *See generally* LaFave, *supra,* at § 8.2(m). For the purposes of the rule, it is unnecessary that the invitation to enter be made to the general public or for a commercial purpose. *See United States v. Bullock,* 590 F.2d 117, 120–21 (5th Cir. 1979) (dictum); *United States v. Raines,* 536 F.2d 796, 798 (8th Cir.), *cert. denied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); *State v. Goeller, supra,* 264 N.W.2d at 474–76. *See also Commonwealth v. Weimer,* 262 Pa.Super. 69, 71–79, 396 A.2d 649, 650 53 (1978) (dictum). Nor need the agent be invited onto the premises for the specific purpose of engaging in an illegal transaction. *United States v. Oakes,* 564 F.2d 384, 386–87 (10th Cir. 1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 521 (1978); *United States v. Raines, supra,* 536 F.2d at 799–800; *United States v. Ressler,* 536 F.2d 208, 211–12 (7th Cir. 1976). Furthermore, the presence or absence of probable cause to support the issuance of a search warrant is immaterial to the *Lewis* rule. *United States v. Ressler, supra,* 536 F.2d at 212; *United States v. Glassel, supra,* 488 F.2d at 145. Summarizing the rule in *Glassel,* the Ninth Circuit Court stated:

> [A]n officer may legitimately obtain an invitation into a house by misrepresenting his identity . . . . If he is invited inside, he does not need probable cause to enter, he does not need a warrant, and,

quite obviously he does not need to announce his authority and purpose.[5] Once inside the house, he cannot exceed the scope of his invitation by ransacking the house generally, but he may seize anything in plain view. 488 F.2d at 145. (Citation omitted).

Here, the record shows that on the night in question the fraternity intended to sell alcoholic beverages for consumption at the party. In entering onto the premises and purchasing liquor, the inspectors did no more than that for which they were allowed to enter. The inspectors did not see, hear or take anything that was not contemplated by the defendant. *Lewis v. United States, supra,* 385 U.S. at 210, 87 S.Ct. at 427. The defendant had no legitimate expectation of privacy regarding his illegal conduct. *Cf. State v. Hamm,* Me., 348 A.2d 268, 273 (1975). The Superior Court Justice therefore properly denied the defendant's motion to suppress.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** The fourth amendment clearly protects against governmental intrusions by guile as well as by force or coercion. *State v. Barlow,* Me., 320 A.2d 895, 900 (1974); *Hoffa v. United States, supra,* 385 U.S. at 301, 87 S.Ct. at 413. Accordingly, the conduct of the agents cannot exceed the scope of the invitation. *See Lewis v. United States, supra,* 385 U.S. at 210–11, 87 S.Ct. at 427. In the instant case, a valid fourth amendment claim may have been presented

had the inspectors engaged in conduct "not contemplated by the residents when they consented to [the] entry." *United States v. Ressler,* 536 F.2d 208, 212 (7th Cir. 1976). The classic example of a fourth amendment violation accomplished by stealth is the early decision of *Gouled v. United States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921).

**5.** *See* 18 U.S.C. § 3109 (1976).