**STATE of Maine**

v.

**Gilbert G. TOWNSEND**

Supreme Judicial Court of Maine.

Argued March 22, 1990.

Decided March 23, 1990.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

---

Amy L. Faircloth (orally), Marvin Glazier, Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before McKUSICK, C.J., and GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

 Contrary to the defendant's arguments, the Superior Court (Penobscot County, *Smith, J.*) properly denied his motion to suppress. Assuming that the portion of the driveway on which the police officer entered was part of the curtilage, the police officer did not exceed the "implied invitation" to use it when he entered on legitimate police business. *See State v. Cloutier,* 544 A.2d 1277, 1279 (Me.1988). The police officer was pursuing his investigation of the defendant, *see State v. Rand,* 430 A.2d 808, 819 (Me.1981), even though he chose to disguise his real purpose by engaging the defendant in conversation about another matter. Combined with other information, the odor of marijuana apparent to the police officer from that location provided a substantial basis for the magistrate to find probable cause to issue a search warrant. *See State v. Lutz,* 553 A.2d 657, 659 (Me.1989). Finally, we find sufficient evidence from which the trier of fact could rationally find beyond a reasonable doubt that the defendant was guilty of the offense charged, *see State v. Barry,* 495 A.2d 825, 826 (Me.1985), and therefore affirm the judgment of the Superior Court (Penobscot County, *Beaulieu, J.*).

The entry is:

Judgment affirmed.