STATE of Maine

v.

Mark HIDER.

Law Docket No. Cum–93–502.

Supreme Judicial Court of Maine.

Argued June 6, 1994.
Decided Oct. 27, 1994.

Stephanie Anderson, Dist. Atty., Thomas Marjerison (orally), Asst. Dist. Atty., Portland, for the State.

Peter W. Evans (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Mark Hider appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) following a jury trial convicting him of one count of trafficking in marijuana, 17–A M.R.S.A. § 1103 (Class C) (1983 & Supp.1993).[1] Hider contends, *inter*

---

1. Section 1103 provides in part:

    1. A person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly trafficks in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug....

    ....

    2. Violation of this section is:

A. A Class B crime if the drug is a schedule W drug, if it is marijuana in a quantity of 20 pounds or more or if it is marijuana and the person grows or cultivates 500 or more plants;
B. A Class C crime if the drug is a schedule X drug, if it is marijuana in a quantity of more than 2 pounds or if it is marijuana and the person grows or cultivates 100 or more plants; or

*alia,* that (1) he was improperly charged with a Class C crime; (2) the search warrant was based on illegally obtained evidence and was illegally executed; (3) the trial court committed obvious error in failing to instruct the jury properly; and (4) the evidence was insufficient to sustain a conviction. Although we reject most of Hider's contentions, we agree that the court incorrectly instructed the jury on the statutory presumption. Accordingly, we vacate the judgment.

## I.

■ In September 1992, a Portland police officer, responding to a report of a purse snatching at the Portland Jetport, was following the trail of the thief with his police tracking dog, which was also trained in narcotics identification. Coming through underbrush, the officer and his dog unknowingly entered the property located at 70 Cobb Avenue from the rear. The dog reacted in a manner indicating narcotics and the officer discovered that they were standing in a patch of forty-four mature marijuana plants. The marijuana later obtained from the plants weighed more than six and a half pounds. The patch was situated about seventy feet from the back of a single family residence and equidistant from another building, a studio in which Hider operated a martial arts school.

Based on the officer's affidavit, a search warrant for all of the structures on the property was obtained and executed. In doing so, the police failed to "knock and announce" their presence, and forced open the studio's door. From the studio, police seized a container with what appeared to be marijuana residue and seized what appeared to be drug paraphernalia. From the residence, which belonged to Hider's former wife, police seized a quantity of marijuana from her bedroom and from their teenage son's bedroom.

## II.

We reject Hider's contention that he was improperly charged with a Class C crime. 17–A M.R.S.A. § 1103(2)(B) draws no absolute distinction between those persons possessing more than two pounds of marijuana and those growing or cultivating 100 or more marijuana plants. The statute's plain language and legislative history establish that a grower whose plants contain more than 2 pounds of marijuana may be prosecuted for a Class C crime. *See State v. Tullo,* 366 A.2d 843, 848 (Me.1976) (nothing in a statute should be treated as surplusage); 17–A M.R.S.A. § 1103(2)(B) (Supp.1993).

## III.

The search warrant was not based on illegally obtained evidence. Assuming without deciding that the marijuana patch was located within the curtilage of a dwelling, we find no wrongdoing on the part of the police officer whose inadvertent discovery was the result of a lawful entry. *See United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 619–20, 38 L.Ed.2d 561 (1974) (purpose of exclusionary rule is to deter police misconduct). *See also State v. Townsend,* 571 A.2d 1206, 1207 (Me.1990) (no Fourth Amendment violation where police entered property on legitimate police business).

■ With respect to the search itself, there is no "knock and announce" requirement in Maine and no prohibition against forcible entry if the circumstances warrant it. On this record, the court was not compelled to find the manner of execution of the search warrant unreasonable. It did not clearly err in denying Hider's motions to dismiss or, in the alternative, to suppress the evidence. *State v. Walker,* 341 A.2d 700, 702–03 (Me. 1975). *See State v. Carey,* 417 A.2d 979, 980 (Me.1980); U.S. Const. amend. IV; Me. Const. art. I, § 5.

C. A Class D crime if the drug is a schedule Y or schedule Z drug.

3. A person is presumed to be unlawfully trafficking in scheduled drugs if the person intentionally or knowingly possesses any scheduled drug that is, in fact:

A. More than 2 pounds of marijuana.... 17–A M.R.S.A. § 1101(17) (1983 & Supp.1993) defines "traffick" as "(A) To make, create, manu-

facture; (B) To grow or cultivate; (C) To sell, barter, trade, exchange or otherwise furnish for consideration; or (D) To possess with the intent to do any act mentioned in Paragraph C...."

Marijuana is a schedule Z drug. 17–A M.R.S.A. § 1102(4)(B) (1983).

## IV.

 Although Hider failed to object to the jury instruction, he now challenges the court's treatment of the statutory presumption contained in section 1103(3). In the circumstances of this case, the State was required to prove that Hider possessed the marijuana with the intent to "sell, barter, trade, exchange or otherwise furnish for consideration." 17–A M.R.S.A. § 1101(17)(C), (D) (1983 & Supp.1993). The statutory presumption of section 1103(3) that a person who intentionally or knowingly possesses more than two pounds of marijuana "is presumed to be unlawfully trafficking" only permits an inference of trafficking. *See* M.R.Evid. 303. The jury should have been instructed in terms of reasonable inference in accordance with M.R.Evid. 303(c). Instead, the court told the jury that "[a] person is guilty of unlawful trafficking in marijuana if that person intentionally or knowingly possesses what is, in fact, more than two pounds of marijuana," and that sentence was repeated for emphasis. The effect of that instruction was to direct a guilty finding on the basis of intentional or knowing possession alone, without regard to the existence of any intent to "sell, barter, trade, exchange or otherwise furnish for consideration." *Cf. State v. Nason,* 498 A.2d 252, 255 (Me.1985) (the court properly instructed the jury that intent was an essential element of trafficking). Although the intent to traffick may be inferred in these circumstances, the jury could elect to draw the inference, or it could decline to do so. The evidence of Hider's intent to traffick was far from compelling and the jury should have been instructed on the proper use of the statutory presumption. The failure to instruct the jury properly on an essential element of the offense affected Hider's substantial rights and constituted obvious error pursuant to M.R.Crim.P. 52(b). *See State v. Earley,* 454 A.2d 341, 343 (Me. 1983).

## V.

Contrary to Hider's contention, the evidence was sufficient to establish that he was in constructive possession of more than two pounds of marijuana. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). Moreover, we need not address Hider's remaining contention, which is unlikely to arise again in the same context.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.