**STATE of Maine**

v.

**Richard MILLETT and Dejanine Stirling.**

Supreme Judicial Court of Maine.

Argued Dec. 5, 1995.

Decided Jan. 3, 1996.

Norman R. Croteau, District Attorney, David W. Fisher (orally), Assistant District Attorney, Auburn, for State.

Emily A. Broadhead (orally), Law Offices of James P. Howaniec, Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendants Richard Millett and Dejanine Stirling appeal from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) denying their motions to dismiss the State's indictments against them for theft. Defendants argue that because sanctions had previously been imposed in an administrative proceeding, the criminal indictments violate the prohibition against double jeopardy. Because the Superior Court correctly concluded that the prior administrative sanction for defendants' fraudulent receipt of unemployment benefits was remedial and not punitive, we affirm the judgment.

■ The Maine Department of Labor, Bureau of Employment Security, (the Department) held an administrative hearing and found that defendant Richard Millett was guilty of unemployment fraud. In a separate proceeding, the Department found defendant Dejanine Stirling guilty of unemployment fraud. Both defendants were ordered to pay full restitution to the state and were barred from receiving unemployment benefits from the Department for a period of one year.[1]

■ Both defendants were subsequently indicted for violating 17-A M.R.S.A. Section 353 (1983) (theft by unauthorized taking or transfer), on the basis of their fraudulent unemployment claims. They moved to dismiss the indictments arguing that criminal prosecution violates the state and federal prohibitions against double jeopardy.[2] The Superior Court denied the motion on the basis that the prior administrative sanction was remedial, not punitive, and therefore the subsequent criminal prosecution did not constitute double jeopardy. From this order, defendants appeal.[3]

■ Whether a criminal prosecution violates the prohibition against double jeopardy is a question of law. See *United States v. Furlett,* 974 F.2d 839, 842 (7th Cir.1992).[4] The double jeopardy provisions prohibit multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).

■ Defendants argue that because the State was made whole by the order for resti-

---

1. The statute provides that an individual shall be disqualified for benefits:

   . . . .

   For any week for which the deputy finds that the claimant made a false statement or representation knowing it to be false or knowingly fails to disclose a material fact in his application to obtain benefits, and in addition, the claimant shall be ineligible to receive any benefits for a period of not less than 6 months nor more than one year from the mailing date of the determination;

   . . . .

   26 M.R.S.A. Section 1193(6) (1988 & Supp. 1994). Defendants argue that because the statute sanctions "knowing" conduct, it necessarily follows that the sanction is punitive. It is the purpose of the sanction rather than the description of the conduct that is determinative. For example, our criminal law punishes a number of strict liability crimes, for which there is *no* intent requirement.

2. The Maine Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or limb." Me. Const. Art. I, Section 8 (1994).

   The United States Constitution provides: "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. (1995).

3. "[A] pretrial order denying a motion to dismiss based on double jeopardy grounds is immediately appealable under the [death knell] exception to the final judgment rule...." *State v. Lebroke,* 589 A.2d 941, 942–43 (Me.1991) (citing *State v. Hanson,* 483 A.2d 723, 724 (Me.1984)).

4. The federal prohibition against double jeopardy applies to the states, *see Benton v. Maryland,* 395 U.S. 784, 794–795, 89 S.Ct. 2056, 2062–2063, 23 L.Ed.2d 707 (1969), and we have relied on the federal analysis in applying the Maine prohibition. *See State v. Howes,* 432 A.2d 419 (Me. 1981).

**756**

tution, the additional order barring them from receipt of benefits was punitive. The U.S. Supreme Court has rejected this argument. In order to recoup intangible losses, the government is allowed to assess, as remedial damages, costs beyond those actually proven. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. If the purpose of the debarment was remedial, and not retributive or deterrent, it was not punishment. *Id.* at 448, 109 S.Ct. at 1901–1902. The fact that the debarment may have been painful to the defendants is irrelevant. The Supreme Court has recognized that "for the defendant even remedial sanctions carry the sting of punishment." *Id.* at 447, 109 S.Ct. at 1901.

Courts applying *Halper* have generally found that sanctions suspending a defendant's participation in a particular program or profession serve remedial, not punitive, purposes.[5] The purpose of revocation of a professional license, for example, is to protect the public from incompetent or unscrupulous professionals, and to protect the reputation and standing of the profession as a whole. *See, United States v. Hudson,* 14 F.3d 536, 541–42 (10th Cir.1994) ("[T]he [Office of the Comptroller of the Currency]'s use of debarment as a means of protecting the integrity of the banking system and the interests of the depositors is a legitimate remedial purpose that need not necessarily be defined as also serving as [punishment]."); *see also, United States v. Furlett,* 974 F.2d 839, 844 (7th Cir.1992) (trading bar imposed on commodities broker was remedial as it was "an action to ensure the integrity of the markets and protect them from people like [the defendant].").

The facts of *United States v. Bizzell,* 921 F.2d 263 (10th Cir.1990), are very close to the facts in the present case, and the opinion is instructive. In *Bizzell,* the defendants filed false statements, and violated other regulations, in connection with the sale of properties with mortgages guaranteed by the Department of Housing and Urban Development (HUD). The two defendants were barred from participating in any HUD

program for a period of years. The court held that "the penalty of debarment is strictly remedial." *Id.* at 267. Following the analysis in *Halper,* the court reasoned that "[i]t is the clear intent of debarment to purge government programs of corrupt influences and to prevent improper dissipation of public funds. Removal of persons whose participation in those programs is detrimental to public purposes is remedial by definition." *Id.*

In this case, the Department's action was designed to protect the program from fraud and improper payments. The debarment was remedial, and therefore the Superior Court correctly found no violation of the prohibitions against double jeopardy.

The entry is:

Judgment affirmed.

All concurring.

---

**5.** We recently applied the *Halper* test to an administrative revocation of a driver's license for operating under the influence of alcohol and

determined that the sanction was remedial. *See State v. Savard,* 659 A.2d 1265 (Me.1995).