**STATE of Maine**

v.

**Donald CHRISTEN.**

Supreme Judicial Court of Maine.

Argued June 12, 1996.

Decided July 10, 1996.

David W. Crook, District Attorney, William Baghdoyan (orally), Assistant District Attorney, Skowhegan, for the State.

M. Michaela Murphy (orally), Daviau, Jabar & Batten, Waterville, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

RUDMAN, Justice.

Donald Christen appeals from the judgment entered in the Superior Court (Somerset County, *Alexander, J.*) on his conviction for trafficking in scheduled drugs, Class C, in violation of 17–A M.R.S.A. § 1103 (1983 & Supp.1995). Christen contends that the State punished him twice for the same offense by first causing the loss of his property and subsequently obtaining a criminal convic-

tion, in violation of the Double Jeopardy Clauses of the United States and Maine Constitutions. We disagree and affirm the judgment.

On October 14, 1993, the Maine Drug Enforcement Agency (MDEA) executed a search warrant at Christen's residence in Madison. The MDEA seized several items, including a 1993 Toyota pickup truck that allegedly was used to transport marijuana. Christen was charged with aggravated trafficking in marijuana, Class A, in violation of 17–A M.R.S.A. § 1105 (1983 & Supp.1995).

The State filed a civil forfeiture action pursuant to 15 M.R.S.A. §§ 5821–5822 (Supp. 1995) [1] against the property seized. In December 1993 the lienholder on Christen's pickup truck, General Motors Acceptance Corporation (GMAC), sought possession of the truck from the MDEA because Christen was in default on his loan obligations to GMAC. Possession of the truck was delivered by the MDEA to GMAC in December 1993.

In January 1994 Christen was indicted on multiple counts of trafficking and conspiracy to traffic in marijuana. In September 1994 Christen filed a motion to dismiss either the civil forfeiture proceeding or the criminal proceeding, claiming that the constitutional prohibitions against double jeopardy precluded the State's punishing him twice for the same offense. By agreement of the parties a hearing on the motion was continued until after motions in the criminal case were decided. On July 5, 1995, a hearing in the civil forfeiture action was held, and the court (*Kravchuk, J.*) granted the State's motion to dismiss the civil case without prejudice. The court ordered that the State return the seized property to Christen unless it was held as evidence in the criminal proceeding, it was contraband, or it was held pursuant to other lawful means. Christen's truck was not returned to him because it already had been released to the lienholder.

Christen filed a second motion to dismiss the indictment on double jeopardy grounds. On August 21, 1995, Christen pleaded guilty to an amended charge of Class C trafficking in marijuana. The court (*Alexander, J.*) sentenced him to seven months in the county jail, a fine of $10,000, and 1000 hours of community service. The court stayed the execution of Christen's sentence to allow Christen to be heard on his allegations of a double jeopardy violation. Following the hearing the court found there was no double jeopardy violation because jeopardy had not attached in the civil forfeiture action and denied the motion to dismiss. The court continued the stay of execution of Christen's sentence pending appeal. This appeal followed.

Christen contends that the State punished him twice for the same offense in violation of the Double Jeopardy Clauses of the United States and Maine Constitutions. He contends he first was punished when the State seized his truck and released it to the lienholder and subsequently was punished again when sentence was imposed for his criminal conviction. Christen contends that the civil forfeiture proceeding constituted punishment, notwithstanding the fact that it was dismissed without prejudice, because the civil forfeiture action and the criminal prosecution were successive proceedings that imposed separate sanctions.

 Whether a criminal prosecution violates the federal or state constitutional prohi-

---

1. Title 15 M.R.S.A. § 5821 (Supp.1995) states in relevant part:

 The following shall be subject to forfeiture to the State and no property right may exist in them:

 **1. Scheduled drugs.** All scheduled drugs which have been manufactured, made, created, grown, cultivated, sold ... possessed or otherwise acquired in violation of any law of this State, any other state or of the United States;

 **2. Materials related to scheduled drugs.** All raw materials, products and equipment of any kind which are used or intended for use in manufacturing, compounding, processing, delivering, cultivating, growing or otherwise creating any scheduled drug in violation of any law of this State, any other state or the United States;

 ....

 **4. Conveyances.** All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport or in any manner to facilitate the transportation, sale, trafficking, furnishing, receipt, possession or concealment of property described in subsection 1 or 2 . . . .

bition against double jeopardy is a question of law. *State v. Millett*, 669 A.2d 754, 755 (Me.1996). The right to be protected against double jeopardy under the Maine Constitution is coextensive with the same right under the United States Constitution. *State v. Wilson*, 671 A.2d 958, 960 (Me.1996). The Double Jeopardy Clauses of the United States Constitution[2] and the Maine Constitution[3] prohibit multiple punishments for the same offense. *Millett*, 669 A.2d at 755. Christen's criminal prosecution is barred by the constitutional prohibitions against double jeopardy only if the punishment is for the same conduct, the civil forfeiture and the criminal prosecution occurred in separate proceedings, and the civil forfeiture constitutes punishment. *State v. Savard*, 659 A.2d 1265, 1266 (Me.1995) (citing *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)); *See United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

 Contrary to Christen's contentions, the court correctly found no violation of the prohibitions against double jeopardy. The right against double jeopardy is not implicated until the defendant first has been put in jeopardy. *United States v. Pierce*, 60 F.3d 886, 889 (1st Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2580, 135 L.Ed.2d 1094 (1996). In the instant case the filing of the civil forfeiture action was incidental to the seizure of evidence that was held by the MDEA agents pursuant to a criminal search warrant. Jeopardy did not attach when the government seized Christen's truck. *See United States v. Lane*, 891 F.Supp. 8, 12 (D.Me.1995) (jeopardy did not attach when the government seized the defendant's vehicles during a search of his residence, particularly when government had not begun any formal forfeiture proceedings). The civil forfeiture action was dismissed without prejudice, never progressing to a forfeiture judgment. There had been no trial in which a jury was sworn or the court heard evidence. Christen never was put in jeopardy during the civil forfeiture action. *See State v. Hood*, 482 A.2d 1268, 1270 n. 4 (Me.1984) (jeopardy attaches when the jury is sworn or, in nonjury trials, when trial begins before a judge). In addition, although the truck was not returned to Christen when the civil forfeiture action was dismissed, it was not because the truck was forfeited pursuant to the civil forfeiture action but because Christen defaulted on his loan obligation.

The entry is:

Judgment affirmed.

All concurring.

---

2. "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.

3. "No person, for the same offense, shall be twice put in jeopardy of life or limb." Me. Const. art. I, § 8.