**STATE of Maine**

**v.**

**Roan STERLING.**

Supreme Judicial Court of Maine.

Argued Oct. 9, 1996.

Decided Nov. 21, 1996.

R. Christopher Almy, District Attorney, Jeffrey M. Silverstein (orally), Assistant District Attorney, Bangor, for the State.

John D. Bunker (orally), Paine, Lynch & Harris, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1995) and M.R.Crim.P. 37B, the State appeals from the judgment of the District Court (Bangor, *Hjelm, J.*) granting the motion of Roan Sterling to dismiss the complaints against him for assault in violation of 17–A M.R.S.A. § 207 (1983 & Supp.1995), a Class D offense, and disorderly conduct in violation of 17–A M.R.S.A. § 501 (1983 & Supp.1995), a Class E offense. Because we agree with the State's contention that the trial court erred by granting Sterling's motion to dismiss the pending complaints on the ground he had previously been punished for the same offenses in violation of the Double Jeopardy Clauses of the United States and Maine Constitutions,[1] we vacate the judgment.

The record reveals the following undisputed facts: On March 22, 1995, Sterling, a student at the University of Maine at Orono, a member of the football team and the recipient of an athletic scholarship, allegedly assaulted a teammate during an on-campus altercation. Following this incident, the University initiated formal disciplinary proceedings against him pursuant to the University of Maine System Student Conduct Code. After a hearing, he was found to have violated the Student Conduct Code and was suspended from the University from May 13, 1995, through September 1, 1995, with a suspended suspension from September 2, 1995, to May 10, 1996. Thereafter, the head football coach withdrew that portion of Sterling's athletic scholarship covering his room and board, valued at approximately $2500. In a letter to the interim athletic director the coach explained the partial scholarship withdrawal as follows:

It has been my policy to cancel room-and-board privileges for our student athletes when they are unable to conduct themselves properly on campus. We will not supply scholarship money to a student athlete who cannot live under the disciplinary code of the University of Maine and its football program.

On April 10, 1995, the present complaints were filed against Sterling based on his conduct on March 22, 1995. Sterling entered a plea of not guilty to the charges. Thereafter, he filed a motion to dismiss the complaints on the ground that by the withdrawal of that portion of his athletic scholarship covering his room and board he had been placed in jeopardy, and the prosecution of the present complaints would place him twice in jeopardy for the same offense in violation of the federal and state constitutions. After a testimonial hearing, the trial court found that the partial revocation of Sterling's athletic scholarship could only be characterized as penal and granted his motion. From the judgment entered accordingly, the State appeals.

■ The State contends the trial court erred by its determination that the withdrawal of the scholarship for room and board was penal. It argues, as it did before the trial court, that the withdrawal did not constitute punishment because it effectuated the purposes of the student disciplinary code and protected the integrity of the public educational system. We agree.

---

1. The Fifth Amendment to the United States Constitution provides in pertinent part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." Article I, section 8 of the Maine Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or limb."

■ We review *de novo* the question of law of whether a criminal prosecution violates the federal or state constitutions prohibiting double jeopardy. *State v. O'Connor*, 681 A.2d 475, 476 (Me.1996). The Double Jeopardy Clauses of the federal and Maine constitutions are coextensive, *State v. Wilson*, 671 A.2d 958, 960 (Me.1996), and protect a criminal defendant from three abuses: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *State v. Savard*, 659 A.2d 1265, 1266 (Me.1995) (citing *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)).

■ The protection from multiple punishments for the same offense claimed by Sterling is available if: (1) the sanction in each forum is for the same conduct; (2) the non-criminal sanction and the criminal prosecution are imposed in separate proceedings; and (3) the non-criminal sanction constitutes punishment. *Savard*, 659 A.2d at 1266 (citing *Dep't of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Here, as in *United States v. Halper*, 490 U.S. 435, 436, 109 S.Ct. 1892, 1895, 104 L.Ed.2d 487 (1989), the issue is whether the civil sanction constitutes "punishment" for the purposes of a double jeopardy analysis. In *Halper* the Court noted that although "for the defendant even remedial sanctions carry the sting of punishment ... in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." *Id.* at 447 n. 7, 109 S.Ct. at 1901 n. 7. We have applied "the remedial versus retributive framework" to a number of cases involving a criminal prosecution following the imposition of civil penalties or administrative sanctions. *See, e.g., O'Connor*, 681 A.2d 475 (criminal prosecution of prisoner for assault following administrative revocation of good time credits not violation of double jeopardy); *State v. Millett*, 669 A.2d 754, 755–56 (Me.1996) (criminal prosecution for theft by unauthorized taking following administrative sanctions not violation of double jeopardy); *Savard*, 659 A.2d at 1266–68 (criminal prosecution for operating vehicle under influence of intoxicating liquor following administrative suspension of driver license not violation of double jeopardy).

■ In the instant case, it cannot be disputed that Sterling, a student at a state-supported university, has no absolute right to obtain or retain an athletic scholarship. Rather, the scholarship is a privilege to which certain rights and responsibilities attach and which may be granted or withheld for valid reasons involving safeguarding the integrity of the institution. It is essential to the integrity of a university that students at that university observe its code of conduct. We find no merit in Sterling's contention that because he "remained a student and a participant in the football program" the withdrawal of a portion of his athletic scholarship cannot be ascribed a remedial purpose to protect the integrity of the University. The State need not use precise formulas as it pursues remedial sanctions. *See Halper*, 490 U.S. at 446, 109 S.Ct. at 1900 (government entitled to rough remedial justice). The withdrawal of a portion of Sterling's athletic scholarship was remedial for the purpose of protecting the integrity of the University and its athletic programs. *See, e.g., Millet*, 669 A.2d at 756 (noting that one purpose for revocation of professional license is to protect reputation and standing of profession as a whole); *United States v. Stoller*, 78 F.3d 710, 722 (1st Cir.1996) (use of civil sanction to safeguard integrity of banking industry fulfills remedial purpose); *United States v. Borjesson*, 92 F.3d 954, 955 (9th Cir.1996) (maintaining integrity and appearance of integrity of government programs important nonpunitive goals). Accordingly, we determine the trial court erred in concluding that the partial revocation of Sterling's athletic scholarship was "punishment" for the purposes of the double jeopardy analysis.

The entry is:

Judgment of dismissal vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.