1997 ME 2

**STATE of Maine**

v.

**Christopher GEORGE.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1996.

Decided Jan. 3, 1997.

Stephanie Anderson, District Attorney, Portland, Lea–Anne Jameson, Asst. Attorney General (orally), Augusta, for the State.

Robert A. Levine, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant, Christopher George, appeals from the judgments entered in the Superior Court (Cumberland County, *Brodrick, A.R.J.*) pursuant to his conditional guilty plea to three counts of trafficking in cocaine within 1,000 feet of a school while in possession of a firearm, 17–A M.R.S.A. § 1105(1)(C) & (E) (Supp.1996). Defendant contends that the court erred: (1) in denying his motion to suppress evidence allegedly obtained in violation of the Fourth Amendment; (2) in denying his motion to dismiss the indictment on the grounds of double jeopardy (*Fritzsche, J.*); and (3) in failing to apply the "escape clause" set forth in 17–A M.R.S.A. § 1252(5–A)(B) (Supp.1996) to reduce the unsuspended term of the sentences mandated by 17–A M.R.S.A. § 1252(5–A). Finding no error, we affirm the judgments.

[¶ 2] The relevant facts may be summarized as follows: In March of 1994, an individual informed the Portland Police Depart-

ment that cocaine was being used and sold at a residence on Brackett Street. The informant also stated that someone at the residence had displayed to him an unloaded .22 caliber handgun. After identifying the individual at the residence as defendant, Christopher George, the police discovered that three months earlier, defendant had been stopped on the Maine Turnpike and found in possession of 14.5 grams of cocaine with a street value of approximately $1,400. Defendant had no prior criminal history.

[¶ 3] Armed with knowledge of defendant's activity, the police arranged for the informant to purchase cocaine from him at his home which is within 1,000 feet of a public elementary school. The informant, wearing a transmitting device, purchased cocaine from defendant on two separate occasions. In addition, defendant was arrested on April 4, 1994 in Portland for operating a motor vehicle while under the influence of intoxicating liquor and possessing cocaine.

[¶ 4] On April 14, 1994, the police obtained a search warrant and arranged for the informant to set up another buy with defendant at his residence. Before that buy, nine members of the Portland Police Special Reaction Team arrived at defendant's home and announced that they were police officers and had a search warrant. Immediately after the announcement, they hit the door with a battering ram. An officer entered the residence, carrying a ballistic shield to protect the team from potential gunfire. Another officer threw a "distraction device," a low-level explosive that produces a bright light and a loud noise, into the kitchen. The officers restrained the occupants of the residence, arrested defendant, and searched the premises pursuant to the warrant. Twenty grams of cocaine, $4,400 in cash, and three firearms, two of which were loaded, were found in the search. Defendant forfeited the money and the firearms in a civil forfeiture action prior to the entry of his conditional guilty plea. By this appeal, he challenges the court's rulings on double jeopardy, his suppression motion, and his sentence.

I.

■ [¶ 5] Defendant first argues that double jeopardy occurred when he was sub-

jected to a criminal prosecution after the civil forfeiture proceeding. It is a question of law whether a criminal prosecution violates the double jeopardy provision of the state or federal constitution. *State v. O'Connor,* 681 A.2d 475, 476 (Me.1996) citing *State v. Millett,* 669 A.2d 754, 755 (Me.1996).

■ [¶ 6] The Supreme Court of the United States recently held in *U.S. v. Ursery,* ―― U.S. ――, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), that a civil forfeiture proceeding is remedial, not punitive, and, therefore, jeopardy does not attach during such a proceeding. We have held that the double jeopardy clauses of the Maine and United States Constitutions are coextensive, *State v. O'Connor,* 681 A.2d 475, 476 (Me. 1996) (citing *State v. Wilson,* 671 A.2d 958, 960 (Me.1996)), and thus, the trial court properly denied defendant's motion to dismiss.

II.

[¶ 7] Defendant next argues that the police violated the Fourth Amendment by forcibly entering his residence and that all evidence obtained as a result of that entry should be suppressed. Even though the police made a brief announcement before entering, the State admits that the entry was forced and the court found "that for all realistic purposes it [was] in fact an unannounced entry." The court ruled, however, that the potential for the destruction of the evidence, the risk of harm to the police officers, and the characteristics of the neighborhood justified the forced entry.

[¶ 8] We previously rejected a "knock and announce" requirement in Maine and held that police may enter a residence forcibly during a search "if the circumstances warrant it." *State v. Hider,* 649 A.2d 14, 15 (Me.1994). Since our decision in *Hider,* however, the United States Supreme Court has ruled that the principle of "knock and announce" now "forms a part of the reasonableness inquiry under the Fourth Amendment." *Wilson v. Arkansas,* ―― U.S. ――, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). In fashioning the "knock and announce" requirement, the Court explained that "[a]t the time of the

framing [of the Constitution], the common law of search and seizure recognized a law enforcement officer's authority to break open the doors of a dwelling, but generally indicated that he first ought to announce his presence and authority." *Id.* at ——, 115 S.Ct. at 1915. Opting for a balanced consideration of the competing interests, the Court stated that "[t]he Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Id.* at ——, 115 S.Ct. at 1918. "For now, we leave to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment." *Id.* at ——, 115 S.Ct. at 1919.[1]

■ [¶ 9] In the present case, the police were confronted with a person who had recently been arrested for possession of cocaine and had sold cocaine to an informant on two occasions. At the time of the unannounced search, the officers anticipated defendant would be in possession of a small amount of cocaine that could easily be disposed of. The police also knew that defendant lived and sold drugs near a public school and that, two weeks prior to the entry, he possessed a firearm. Considering these circumstances in their totality, the forced entry by the police was reasonable. Even though there was no specific evidence that defendant had a history of destroying evidence, using firearms, or resorting to violence, the court did not err in finding that it was objectively reasonable for the police to enter unannounced in order to prevent the destruction of the evidence and to ensure their safety and the safety of the public.

### III.

■ [¶ 10] Finally, defendant was granted leave to appeal his sentence pursuant to 15 M.R.S.A. §§ 2151, 2157 (Supp.1996), and he argues that the court erred in failing to deviate from the mandatory sentence. The sale of cocaine while in possession of a firearm or within 1,000 feet of a public or private school constitutes aggravated drug trafficking, 17–A M.R.S.A. § 1105, and carries a mandatory sentence of four years of unsuspended imprisonment. Relying on the escape clause set forth in 17–A M.R.S.A. § 1252(5–A)(B),[2] defendant argues that the court was required to shorten the minimum

---

1. The *Wilson* decision forms the basis for the following language that now appears in the Maine Rules of Criminal Procedure:

   **Unannounced Execution of Search Warrant.** The warrant may direct that it be served by an officer without providing notice of the officer's purpose and office if the judge or justice of the peace so directs by appropriate provision in the warrant. The judge or justice of the peace may so direct in the warrant upon a finding of reasonable cause shown that:

   (1) the property sought may be quickly or easily altered, destroyed, concealed, removed or disposed of if prior notice is given;

   (2) the escape of the person sought may be facilitated if prior notice is given;

   (3) the person sought, the person from whom or from whose premises the property is sought, or an occupant thereof, may use deadly or nondeadly force in resistance to the execution of the warrant, and dispensing with prior notice is more likely to ensure the safety of officers, occupants or others; or

   (4) such facts and circumstances exist as would render reasonable the warrant's execution without notice.

   M.R.Crim.P. 41(i).

2. The relevant portion of the statute provides as follows:

   **B.** The court may impose a sentence other than a minimum unsuspended term of imprisonment set forth in paragraph A, if:

   (1) The court finds by substantial evidence that:

   (a) Imposition of a minimum unsuspended term of imprisonment under paragraph A will result in substantial injustice to the defendant.

   . . . . .

   (b) Failure to impose a minimum unsuspended term of imprisonment under paragraph A will not have an adverse effect on public safety; and

   (c) Failure to impose a minimum unsuspended term of imprisonment under paragraph A. will not appreciably impair the effect of paragraph A in deterring others from violating section 1105; and

   (2) The court finds that:

   (a) The defendant has no prior criminal history; and

   . . . . .

   (c) The defendant's background, attitude and prospects for rehabilitation and the nature of the victim and the offense indicate that imposition of a sentence under paragraph A. would frustrate the general purposes of sentencing set forth in section 1151.

unsuspended term of imprisonment because he has no prior criminal history. Defendant ignores the fact that the relief afforded by section 1252(5–A)(B) is discretionary and in this case would require additional findings to the effect that the imposition of the minimum unsuspended term of imprisonment would result in a substantial injustice to him and would frustrate the general purposes of sentencing. The court acted well within its discretion when it declined to sentence defendant to anything less than four years of unsuspended imprisonment.

[¶ 11]   The entry is:

Judgments affirmed.

