## *The* STATE *vs.* DAVID T. DOUGLAS.

If goods are stolen in one county, and carried by the thief into another and there sold, he may be indicted and convicted of the larceny in either county.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The indictment alleged, that *Douglas*, on *Sept.* 28, 1838, at *Topsham* in the county of *Lincoln*, took, stole and converted to

The State *v.* Douglas.

his own use a pair of oxen, the property of one *Chick*. The proof was, that *Douglas* took the oxen from *Chick*, the owner, in *Litchfield* in the county of *Kennebec*, and drove them to *Topsham*, and there sold them. The circumstances were such as left no doubt of his guilt. His counsel requested the Judge to instruct the jury, that if they found that the taking and stealing by *Douglas* was originally at *Chick's* in *Litchfield*, that being within the county of *Kennebec*, that in such case the indictment which alleged a taking in the county of *Lincoln*, would not be maintained. The Judge declined giving that instruction, and did instruct them, that if they found that the original taking was in *Kennebec*, still if he transported the oxen into the county of *Lincoln*, and there disposed of them, that they might in that case find the offence was committed as charged in the indictment, in the county of *Lincoln*. The verdict was guilty, and the jury in answer to a specific inquiry, propounded to them before they left the court room, said, that they found that *Douglas* committed the larceny in *Kennebec*, and kept and continued in possession of the oxen, with the same felonious intent, until he had driven them to *Topsham*, and there disposed of them. Exceptions were filed by *Douglas*.

*F. Allen* argued for *Douglas*, and contended, that the case, *Commonwealth* v. *Andrews*, 2 *Mass. R.* 14, was not conclusive of the present. There the property was taken in another State, and the offender could not be convicted, unless the taking was considered as commencing when he first came within the State. The offence was perfect here in the county of *Kennebec*, and a judgment here would be no bar to an indictment and conviction there. Besides, if there is any ground for a conviction in this county on the evidence, the indictment should have been framed according to the truth, and the taking should have been stated to have been in *Litchfield*, and the conversion in *Topsham*.

*Emery*, Attorney General, for the State.

The law is well settled, both here and in *England*, that the offence is committed in every county into which the thief carries the stolen property. *Com.* v. *Cullins*, 1 *Mass. R.* 116; *Com.* v. *Andrews*, 2 *Mass. R.* 14; *Com.* v. *Dewitt*, 10 *Mass. R.* 154; cases cited in 1 *Harrison's Dig.* 760.

The State *v.* Douglas.

The opinion of the Court was by

WESTON C. J. — It has long been an established principle of law, that if goods are stolen in one county, and carried by the guilty party into another, he may be indicted for the larceny in either county. This was recognized by the Court, in the *Com. v. Andrews, 2 Mass. R.* 17. It was there however insisted, that the rule did not apply where the goods were first stolen in another State, but this distinction was overruled. And in the *Com. v. Cullins,* 1 *Mass. R.* 116, *Sedgwick J.* says, stealing in one county, and bringing the stolen goods into another, was always holden to be felony in both counties. The case of the *Com. v. Dewitt,* 10 *Mass. R.* 154, is a direct decision to the same effect.

*The exceptions are overruled, and the*
*case remitted to the Court below.*