**William H. MAYO, Jr.**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Nov. 3, 1969.

J. Peter Thompson, Lewiston, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

The Petitioner and a companion, while escaping from the Men's Correctional Center in Cumberland County, stole an automobile there and drove it into Androscoggin County where Petitioner was apprehended. Later, counsel was appointed to represent him in the Androscoggin County Superior Court and there, after receiving careful and complete explanation by the Presiding Justice, he pleaded guilty to an information which charged:

"That on the fourth (4th) day of January 1968 in the city of Auburn, County of Androscoggin and State of Maine the said named defendant, WILLIAM H. MAYO, Jr. did with intent to permanently deprive the owner of his property, did steal and take away, one (1) 1963 Pontiac, four door Sedan, Serial #36 3D49494 of the property of Donald D. Bradstreet of Albion, Maine, of the value of, ONE THOUSAND ($1,000.00) DOLLARS."

While serving the sentence imposed for this crime, Petitioner sought the statutory writ of habeas corpus, the writ issued, again counsel was appointed to represent him, hearing was had and the writ ordered

discharged. Now, on appeal from the decree of the Single Justice, Petitioner's court-appointed counsel presents two issues which Petitioner has raised:

1) Whether the omission of the word "carry" from the charge of larceny was fatal to the validity of the information.

2) Whether the failure of Petitioner's court-appointed counsel to advise him that a plea of guilty to a charge of larceny in Androscoggin County exposed him to danger of double jeopardy in Cumberland County constituted less than adequate representation.

*First Issue*

■ In rejecting the Petitioner's contention as to this issue, the Single Justice wrote:

"The information charging larceny of a motor vehicle employed the words, 'did steal and take away,' omitting the word 'carry' frequently employed in indictments charging this offense. Was this omission fatal to the validity of the information? I conclude that it was not. Although M.R.Crim.P., Form 8 (Appendix of Forms) employs the word 'carry,' Glassman, Maine Practice, page 444, sec. 58.1 points out that the forms approved under Rule 58 are not mandatory. 'The important point to be kept in mind is that the emphasis in the rules is on simplicity and clarity of statement.' When the word 'carry' is viewed in relation to the requirements of proof it becomes apparent that when applied to a motor vehicle the word presents an absurdity. Surely the State would not be expected to prove literally that a respondent did 'carry' away an automobile. One committing larceny of a motor vehicle does in fact 'steal' it and 'take' it away— and no more. Proof of these facts, coupled with proof that respondent intended to permanently deprive the owner of his property, here properly alleged, constitutes proof of larceny and the pleading should require no more. I conclude that the information fully and adequately informed the petitioner that he was charged with larceny of a motor vehicle and thus was not legally insufficient."

We adopt his reasoning and concur in his result.

*Second Issue*

■ The fact that Petitioner's counsel at the Superior Court arraignment did not advise Petitioner that he was in danger of double jeopardy if he pleaded to the present information is of no avail to Petitioner here. The Justice who imposed the sentence which Petitioner is now serving gave Petitioner a full explanation of the continuing trespass theory which is the basis for jurisdiction in the Androscoggin County Court. If goods are stolen in one county and carried by the thief into another county, he may be prosecuted for the crime in either county. State v. Douglas, 17 Me. 193 (1840); State v. Somerville, 21 Me. 14 (1842); 32 Am.Jur., Larceny, § 97. A conviction in one county is a bar to prosecution in the other. Commonwealth v. Uprichard, 69 Mass. (3 Gray) 434, 63 Am. Dec. 762 (1855). If Petitioner is ever charged with this larceny in Cumberland County the defense of former jeopardy will be available to him. While the burden of proving former jeopardy, including the identity of the offenses, by a fair preponderance of the evidence rests upon a Defendant who pleads it (21 Am.Jur.2d, Criminal Law, § 481), here the colloquy among the Presiding Justice and attorneys has produced a record of the particulars of Petitioner's crime which would be accessible to Petitioner if ever needed.

There was no constitutional deprivation in the failure of counsel to discuss with Petitioner these remote legal possibilities and Petitioner's plea of guilty was freely, voluntarily and understandingly given.

Appeal denied.

WEBBER and POMEROY, JJ., did not sit.