1998 ME 128

**STATE of Maine**

v.

**Joseph MITCHELL, Jr.**

Supreme Judicial Court of Maine.

Argued May 5, 1998.

Decided May 29, 1998.

Michael E. Povich, District Attorney, Paul F. Cavanaugh, II, Asst. Dist. Atty. (orally), Calais, for the State.

Joyce Mykleby (orally), Machias, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Joseph Mitchell, Jr. appeals from the judgments of conviction for criminal threatening with a dangerous weapon (Class C), 17–A M.R.S.A. § 209 (1983), and assault (Class C), 17–A M.R.S.A. § 207 (1983), entered in the Superior Court (Washington County, *Alexander, J.*) following his conditional plea of guilty entered pursuant to M.R.Crim. P. 11(a)(2). Mitchell challenges the court's (*Marsano, J.*) denial of his motion to dismiss the indictment, contending the indictment violated the double jeopardy provisions of the Maine and the United States Constitutions. We disagree, and affirm the judgments.

[¶ 2] On February 18, 1997, Mitchell grabbed his wife's arm during an argument at their home and threatened her with a loaded shotgun. Both Mitchell and his wife are members of the Passamaquoddy Tribe, and their home is located on the Tribe's Pleasant Point Reservation. As a result of the incident, Mitchell was charged with misdemeanor assault before the Passamaquoddy Tribal Court, entered a plea of guilty at his arraignment on April 11, 1997, and was sentenced on June 30, 1997, to ten months in jail with all but four months suspended followed by one year of probation.

[¶ 3] On April 14, 1997, an indictment charging Mitchell with criminal threatening with a dangerous weapon and felony assault [1] was returned by a grand jury in the Superior

---

1. "A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another." 17–A M.R.S.A. § 207(1) (1983). The law in effect during the time of the proceedings at issue provided that assault against a member of the actor's family or household, ordinarily a Class D crime, is a Class C crime if the actor had two or more prior Maine convictions for violations of Title 17–

A, chapter 9 (offenses against the person) or violations of a protection from abuse order. *See* 17–A M.R.S.A. § 212(1) (Supp.1996), *repealed and replaced by* P.L.1997, ch. 460, §§ 1, 5 (effective September 19; 1997). The indictment charged that Mitchell had two prior assault convictions against a member of his family or household as defined in 17–A M.R.S.A. § 212(3).

Court (Washington County). Following his conviction in the Tribal Court, Mitchell moved to dismiss the indictment, contending the assault count was precluded by the Double Jeopardy Clauses of both the United States[2] and Maine Constitutions.[3] The court denied the motion, Mitchell entered a conditional plea of guilty, and this appeal followed.[4]

 [¶ 4] Whether a criminal prosecution violates the state or federal constitutional prohibition against double jeopardy is a question of law that is reviewed de novo. *State v. O'Connor,* 681 A.2d 475, 476 (Me.1996). We have repeatedly held that the right to be protected against double jeopardy under the Maine Constitution is coextensive with the same right under the United States Constitution. *See id.; State v. Wilson,* 671 A.2d 958, 960 (Me.1996). In addition, we have recognized that one of the abuses prohibited under the clauses is the possibility of a second prosecution for the same offense after a conviction. *See State v. Christen,* 678 A.2d 1043, 1045 (Me.1996). This case presents the issue whether the State's prosecution of Mitchell was for the "same offense" as the prosecution in the Tribal Court.

[¶ 5] Pursuant to the Maine Indian Claims Settlement Act, 30 M.R.S.A. §§ 6201–6214 (1996) (Maine Act), and the Federal Maine Indian Claims Settlement Act, 25 U.S.C. §§ 1721–1735 (1994) (Federal Act), the Passamaquoddy Tribe and the State of Maine entered into an agreement that defined the relationship between the parties in many important respects. Of relevance to this appeal, the Federal Act provides: "The Passamaquoddy Tribe ... [is] authorized to exercise jurisdiction, separate and distinct from the civil and criminal jurisdiction of the State of Maine, to the extent authorized by the Maine Implementing Act, and any subsequent amendments thereto." 25 U.S.C. § 1725(f). In turn, the Maine Act grants the Passamaquoddy Tribal Court exclusive juris-

diction, separate and distinct from the State, over all misdemeanor criminal offenses that are committed on the Indian reservation by members of the Tribe except when the crime is committed against a person or the property of a person who is not a member of the Tribe. 30 M.R.S.A. § 6209–A(1)(A) (1996). The Maine Act also explicitly provides: "A prosecution for a criminal offense ... over which the Passamaquoddy Tribe has exclusive jurisdiction under this section does not bar a prosecution for a criminal offense ... arising out of the same conduct, over which the State has exclusive jurisdiction." *Id.* § 6209–A(4).

[¶ 6] In *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), the United States Supreme Court rejected a claim that the Double Jeopardy Clause barred a federal prosecution for statutory rape arising from an incident for which the defendant had been convicted for the Navajo tribal offense of contributing to the delinquency of a minor. The Court, recognizing that the power to punish offenses against tribal law committed by Tribe members was part of the Navajos' "primeval sovereignty," held that the "dual sovereignty" concept was applicable to the case and that the federal prosecution was not barred. "The basis for [the dual sovereignty] doctrine is that prosecutions under the laws of separate sovereigns do not, in the language of the Fifth Amendment, 'subject [the defendant] for the same offence to be twice put in jeopardy[.]'" *Wheeler,* 435 U.S. at 317, 98 S.Ct. 1079. The Court explained:

An offence, in its legal signification, means the transgression of a law.... Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offense or transgression of the laws of both.... That either or both may (if they

---

**2.** "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.

**3.** "No person, for the same offense, shall be twice put in jeopardy of life or limb." Me.Const. art I, § 8.

**4.** Mitchell also challenged the court's jurisdiction over the criminal threatening count. He does not pursue that challenge on appeal.

see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable.

*Id.* (quoting *Moore v. Illinois,* 55 U.S. (14 How.) 13, 19–20, 14 L.Ed. 306 (1852)).

[¶ 7] Mitchell recognizes that the Maine Act provides for subsequent prosecutions in cases such as his, but contends that the statute is unconstitutional because the Passamaquoddy Tribe, unlike the Navajo Tribe in *Wheeler,* did not have jurisdiction to adopt its own laws prior to the Settlement Act, and the Tribe was granted jurisdiction simply to enforce Maine law, not to exercise its own independent law enforcement power. Mitchell's argument is unpersuasive. The plain language of both the Maine and Federal Acts, as well as the legislative history of the Acts, evidences the clear intention on the part of the state and federal governments to recognize the independent sovereignty of the Tribe in certain contexts.[5] Although Mitchell is correct that the Passamaquoddy Tribe is treated as a municipality of the State for some purposes, *see, e.g.,* 30 M.R.S.A. § 6206(1), his argument that the Tribe's authority derives solely from state and federal statutes, and therefore is not independent, misinterprets the Settlement Acts. The State and Federal Acts did not simply give the Tribe the power to enforce State law; they explicitly recognized the inherent authority of the Tribe to prosecute certain crimes that occur on tribal land.

[¶ 8] Moreover, Mitchell does not address the significant public policy difficulty inherent in his position. Were the double jeopardy prohibition to be held applicable in circumstances such as this, "[p]rosecution by one sovereignty for a relatively minor offense might bar prosecution by the other for a much graver one, thus effectively depriving the latter of the right to enforce its own laws." *Wheeler,* 435 U.S. at 318, 98 S.Ct. 1079. We addressed this public policy concern in the context of a state prosecution for robbery following a federal prosecution arising from the identical incident in *State v. Castonguay,* 240 A.2d 747 (Me.1968). In rejecting the defendant's double jeopardy argument, we noted that "[p]ublic policy, taken apart from strict constitutional principles, would not be served by the prohibition of the second State prosecution under our supervisory control of the State Courts." *Id.* at 750.

[¶ 9] Mitchell committed two crimes when he assaulted his wife—the misdemeanor crime of assault subject to prosecution by the Tribe and the felony crime of assault with two prior convictions subject to prosecution by the State. *Cf. id.* ("Two crimes have been committed—State and Federal."). Accordingly, his prosecution in the State court did not violate the prohibition against double jeopardy provided by the Maine and United States Constitutions.

The entry is:

Judgments affirmed.

---

5. The Senate Report accompanying the Federal Settlement Act provides a clear and concise explanation of the intended relationship between the tribal courts and the State courts regarding the precise issue presently in dispute:

Under the Maine Implementing Act, the Tribe and Nation agree to adopt the laws of the State as their own. Such adoption does not violate the principles of separate sovereignty. Though identical in form and subject to redefinition by the State of its laws, the laws are those of the tribes.

Under Section 6209 of the Maine Implementing Act, procedures in the courts of the tribes are to be governed under Federal law, not State law. In addition, principles of double jeopardy and collateral estoppel shall not apply as between the tribal and State courts. This is entirely in keeping with the principles enunciated in *U.S. v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) describing the relationship between tribal courts and Federal courts.

S.Rep. No. 96–957, at 29–30 (1980).