MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2017 ME 33
Docket:      Kno-16-223
Argued:      February 7, 2017
Decided:     March 2, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

BETHANY HAYWARD

MEAD, J.

[¶1] Bethany Hayward appeals from a judgment of conviction of theft by unauthorized taking or transfer (Class C), 17-A M.R.S. § 353(1)(B)(6) (2016), and theft by deception (Class C), 17-A M.R.S. § 354(1)(B)(6) (2016), entered by the trial court (Knox County, *Stokes, J.*) following a jury trial. Hayward contends that the evidence presented at trial was insufficient to support either conviction. She also appeals from her sentence, arguing that the court violated her right to be free from double jeopardy by convicting and sentencing her on both counts of theft without consolidating them. *See State v. Murphy*, 2015 ME 62, ¶ 27, 124 A.3d 647. We affirm both the judgments and sentences.

## I. BACKGROUND

[¶2]  "Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt."  *State v. Haag*, 2012 ME 94, ¶ 2, 48 A.3d 207.

[¶3]  On August 22, 2014, Bethany Hayward was shopping at a Walmart in Thomaston.  Hayward's demeanor and the merchandise in her cart caught the attention of an asset protection associate employed by Walmart.  He noted that Hayward appeared to be removing adhesive, barcoded labels from adult shirts and putting them on different shirts.  Eventually, Hayward proceeded to the self-checkout terminals[1] at the front of the store.

[¶4]  The Walmart associate continued to observe Hayward as she used the self-checkout terminal.  He saw her repeatedly scan one white t-shirt while bagging different t-shirts, which suggested to him that "she was trying to make the register believe that the item being scanned was being put into the bag but it was not the same as what was being placed in."  Anticipating that Hayward intended to leave the store with merchandise that had not been correctly paid

---

[1]  The self-checkout terminals allow customers to scan, bag, and pay for merchandise without the direct assistance of a cashier.  Each terminal is equipped with a touchscreen monitor, scanner, and keypad for debit or credit card transactions.  There is a bagging area off to the side that is equipped with a scale to determine whether a scanned item has been placed in the bagging area.  A store employee usually oversees operation of all the terminals and assists customers as needed.

for, the Walmart associate telephoned the police.

[¶5]   Hayward's entire transaction at the self-checkout terminal was recorded by a store surveillance camera, and the video footage was shown to the jury.   The video shows Hayward misusing the self-checkout process multiple times: she repeatedly scanned a single white t-shirt while putting different colored shirts into a bag in the bagging area, scanned a single placemat and then simultaneously placed three placemats into a bag, scanned a set of plastic bowls containing several gel shoe inserts but placed both the bowls and inserts into a bag without scanning the inserts, and scanned one item of girls' clothing but placed what appears to be several items of clothing in the bag.

[¶6]   After spending a total of thirty-three minutes at the self-checkout terminal,[2] Hayward paid for the items that had been scanned and left the store. The Walmart asset protection associate intercepted her and brought her to an office where she was interviewed by a Thomaston police officer.  The interview was recorded in part and played for the jury.  Hayward denied switching labels on t-shirts, claiming that she had reattached tags that had fallen off, and explained that she thought all the items were correctly scanned.  She gave various explanations for why items did not appear on the receipt and expressed

---

[2]  Other Walmart employees assisted Hayward several times during the self-checkout process, including with a price override on some grapes and by bagging some of her items.

that the self-checkout had been confusing to use, but she admitted that a store associate had instructed her to scan each item separately.

[¶7]   The Walmart associate later scanned the items that were in Hayward's cart when she exited the store and produced an itemized receipt reflecting the total value of that merchandise.  Comparing that receipt to the receipt that Hayward received from the self-checkout terminal, he determined that the total difference in the value between what was in her cart and what she had scanned, which he testified at trial was $93.80.[3]  The discrepancies in the receipts reflect Hayward's failure to scan seventeen t-shirts costing $5.00 each and five t-shirts costing $3.00 each while instead repeatedly scanning a t-shirt costing $2.00.  They also indicate that many items—including two girls' shirts, six girls' tank-tops, five girls' shorts, six pairs of girls' sandals, two pint-sized mums, two placemats, and a bag of candy—had simply not been scanned at all.

[¶8]  On February 13, 2015, Hayward was charged by indictment with one count of theft by unauthorized taking or transfer (Class C), 17-A M.R.S. § 353(1)(B)(6), and one count of theft by deception (Class C), 17-A M.R.S. § 354(1)(B)(6).[4]  She pleaded not guilty to both charges.  Following a trial on

---

[3] The totals on the receipts themselves indicate a price difference of $111.96.

[4] The counts were elevated to Class C because of Hayward's prior theft convictions, to which she stipulated at trial.

March 22, 2016, the jury found Hayward guilty of both counts of theft. At a sentencing hearing on April 28, 2016, the court sentenced Hayward on each count to concurrent sentences of three years of incarceration with all but fifteen months suspended, to be followed by two years of probation.

[¶9] In May 2016, Hayward filed a timely notice of appeal and an application to appeal her sentence pursuant to 15 M.R.S. § 2151 (2016) and M.R. App. P. 20. On July 5, the Sentence Review Panel granted Hayward leave to appeal her sentence on the issue of "whether the trial court's sentencing [her] on each of the two theft counts charged constitutes multiple punishments for the same offense." *State v. Hayward*, No. SRP-16-224 (Me. Sent. Rev. Panel July 5, 2016). Hayward's sentence appeal is presently before us with her direct appeal from the judgments of conviction. *See* M.R. App. P. 20(h).

## II. DISCUSSION

A.    Sufficiency of the Evidence

[¶10] When reviewing a challenge to the sufficiency of the evidence, "we view the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt." *State v. Kittredge*, 2014 ME 90, ¶ 31, 97 A.3d 106 (quotation marks omitted). The jury may "draw all reasonable inferences from the

evidence, and exclusively decides the weight to be given to the evidence and the credibility to be afforded to the witness[es]." *State v. Drewry*, 2008 ME 76, ¶ 32, 946 A.2d 981 (quotation marks omitted). A conviction may be based solely on circumstantial evidence so long as the evidence proves each element of the crime beyond a reasonable doubt, even if direct evidence contradicts inferences made from circumstantial evidence. *State v. Medeiros*, 2010 ME 47, ¶ 17, 997 A.2d 95 (citation omitted).

[¶11] To support the verdict of guilty of theft by unauthorized taking or transfer, the record must demonstrate that Hayward "(1) obtained or exercised unauthorized control (2) over the property of another (3) with the intent to deprive the owner of that property." *State v. Flynn*, 2015 ME 149, ¶ 18, 127 A.3d 1239 (quotation marks omitted); *see* 17-A M.R.S. § 353(1)(A) (2016).

[¶12] Based on the evidence presented at trial, the jury could rationally have found each element of theft by unauthorized taking or transfer beyond a reasonable doubt. The surveillance footage, Walmart associate's testimony, and discrepancies between the two receipts indicate that Hayward left Walmart with merchandise that she did not scan or pay for (e.g., several placemats and gel shoe inserts). Viewing the evidence in the light most favorable to the State, the jury could rationally have concluded that Hayward

intended to deprive Walmart of that property. Although the video of Hayward attempting to explain her actions contradicts her intent to steal, the jury was free to determine how much weight to give to that evidence. *See Drewry*, 2008 ME 76, ¶ 32, 946 A.2d 981.

[¶13] The crime of theft by deception is committed when a person "obtains or exercises control over property of another as a result of deception and with intent to deprive the other person of the property." 17-A M.R.S. § 354(1)(A) (2016). "[D]eception occurs when a person intentionally . . . [c]reates or reinforces an impression that is false and that the person does not believe to be true, including . . . false impressions as to . . . value." 17-A M.R.S. § 354(2)(A) (2016).

[¶14] The jury could rationally have found beyond a reasonable doubt each element of theft by deception based on the video, testimonial, and documentary evidence presented at trial. The surveillance video shows Hayward repeatedly scanning a single white t-shirt while bagging more expensive colored t-shirts, and the Walmart associate who witnessed this activity testified that he thought she was attempting to make the machine "believe" that she was bagging the less-expensive white t-shirts. Hayward's receipt showed that she scanned one $3.00 t-shirt and twenty-two white

t-shirts costing $2.00 each, but there were seventeen $5.00 t-shirts, six $3.00 t-shirts, and two $2.00 t-shirts in her cart when she left the store. Accordingly, the jury could rationally have concluded that Hayward obtained and exercised unauthorized control over Walmart's property by inputting false price information into the self-checkout scanner, and that she intended to deprive Walmart of that merchandise.

B.     Consolidation

[¶15]  Hayward argues that the court erred when it failed to consolidate the counts of theft by unauthorized taking or transfer and theft by deception, and that this error infringed upon her constitutional right to be free from double jeopardy.  We review de novo "[w]hether a criminal prosecution violates the constitutional prohibitions against double jeopardy."  *Ayotte v. State*, 2015 ME 158, ¶ 12, 129 A.3d 285.

[¶16]  The Maine Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or limb."  Me. Const. art. I, § 8; *see also* U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ."); *Ayotte*, 2015 ME 158, ¶ 12, 129 A.3d 285 ("The state and federal constitutions offer the same extent of protection.").  However, M.R.U. Crim. P. 7(c) allows the State to charge a

defendant with multiple counts as alternative charges for the same criminal act when that act may have been completed in several ways.[5] *Murphy*, 2015 ME 62, ¶ 27, 124 A.3d 647. In instances when the State charges multiple counts as alternative theories for the same criminal act, however, "court action to consolidate the duplicative counts is appropriate to assure that a person cannot be convicted or punished more than once for the same criminal act." *Id.* ¶ 28 (quotation marks omitted).

[¶17]  Here, the charges of theft by unauthorized taking or transfer and theft by deception were based on, and proved by, two separate courses of action, each involving different articles of merchandise. The count of theft by unauthorized taking or transfer was premised on Hayward leaving the store with unpurchased merchandise, for example, the girls' sandals, the mums, and the placemats. The count of theft by deception was based on her repeatedly scanning a $2.00 t-shirt while placing more expensive shirts in the bagging area.[6]  Although the two counts of theft were premised on conduct that

---

[5]  The language of M.R. Crim. P. 7(c), cited in *State v. Murphy*, 2015 ME 62, ¶ 27, 124 A.3d 647, is nearly identical to the now-effective M.R.U. Crim. P. 7(c).

[6]  The State made this distinction in its opening statement:

> [W]hat you'll see on video and through [the Walmart associate]'s testimony is that the Defendant didn't properly go through self-checkout. Instead she took the same $2.00 shirt and rang it through twenty-two times putting different higher-value pieces of clothing in the bags. And there are other items that she didn't check—that

occurred during a single shopping trip, the State did not charge her with alternative theories for the same conduct and was not required to consolidate the two counts of theft. *See* 17-A M.R.S. § 351 (2016) ("If the evidence is sufficient to permit a finding of guilt of theft in more than one manner, no election among those manners is required."); *see also State v. Bouchard*, 2005 ME 106, ¶¶ 11, 15, 881 A.2d 1130.

---

she didn't scan through at all. At one point, you'll see she's going to scan through a placemat but instead there were three. She ends up with twenty pair of sandals in her bag, you'll see, and only sixteen of those showed up on the receipt.

. . . .

Based on this conduct, the State has charged the Defendant with theft and theft by deception. That she exercised unauthorized control over merchandise at Walmart with the intent to deprive Walmart of that property. She didn't scan certain items.

The State has also charged theft by deception—that she obtained unauthorized control over merchandise as a result of deception with the intent to deprive. You'll see how she scanned the same shirt over and over again.

The State made this distinction again when opposing Hayward's motion for judgment of acquittal:

As the Court can see, I think it's State's Exhibit 16, has twenty-two instances of a white t-shirt being rung through. If the Court compares that with State's Exhibit Number 17, the Court will only see that there are two of those UPC numbers, that 17 is the actual items gone through. And there are a number of more valuable shirts that the Defendant can be seen putting in the bags when she is repeatedly ringing this $2.00 white shirt. So there's an instance of under-ringing. As well, later in the video the State has proof of the Defendant holding more than one thing in her hand, putting [it] by the scanner once, and then putting those two things in. There's at least two or three different instances of that.

Beyond that deception, that theft by deception, of under-ringing, the State has proof of just straight up theft, by unauthorized taking. The Defendant had three placemats in her hand, as the Court can see when it reviews the video. . . . She swipes it once and puts them in. As well, the Defendant had a number of gel packets in a bowl, and she didn't even try to scan those.

[¶18]  Accordingly, we conclude the court did not err by entering a judgment of conviction on each count of theft or by sentencing Hayward on both counts of theft.  Furthermore, there was no violation of Hayward's right to be free from double jeopardy because the convictions and sentences were not based on a single criminal act.

The entry is:

Judgments and sentences affirmed.

---

James M. Mason, Esq. (orally), Brunswick, for appellant Bethany Hayward

Geoffrey Rushlau, District Attorney, and Jeffrey Baroody, Asst. Dist. Atty. (orally), Prosecutorial District VI, Rockland, for appellee State of Maine

Knox Superior Court docket number CR-2014-189
FOR CLERK REFERENCE ONLY