ALEXANDER, J., dissenting.
 

 [¶23] I respectfully dissent.
 

 [¶24] Abdiaziz Hussein was charged and ultimately pleaded guilty, as part of this proceeding, to theft of a stun gun in Lewiston on or about November 9, 2017.
 
 See
 
 17-A M.R.S. § 353(1)(A) (2018).
 

 [¶25] In an appropriate exercise of discretion, the Lewiston police elected to summons rather than arrest Hussein for that offense. Accordingly, on November 10, 2017, a Lewiston police officer went to Hussein's residence to attempt to serve the summons. At the residence, the officer advised Hussein that he was issuing a criminal summons and that Hussein had to sign the summons. The officer emphasized that the summons, and signing the summons, simply established a court date and that signing the summons was not an admission of guilt. Despite this advice, Hussein repeatedly refused to sign the summons.
 

 [¶26] Because he refused to sign the summons, the officer indicated that he had to arrest Hussein. Hussein then attempted to flee, but the officer grabbed Hussein's arm, at which point Hussein punched the officer in the face. In punching the officer in the face, Hussein committed the Class C felony of assault on an officer.
 
 [8]
 
 17-A M.R.S. § 752-A (2018).
 

 [¶27] Hussein and the officer then continued to struggle, causing them both to end up on the floor of the apartment, with the officer on top of Hussein. At some point after the charged crimes had been committed, and after Hussein and the officer were on the floor, another occupant of the apartment began video recording the struggle, using a cellphone.
 

 [¶28] Sometime prior to trial, the State learned of the existence of the cellphone video recording, sought to inspect it, and moved that the video be excluded from the trial. At several points before and during the trial, the parties debated whether the video should be allowed to be offered into evidence.
 

 [¶29] The record to support Hussein's offer of the video into evidence included the testimony of the arresting officer and another officer as to the events at the apartment, the video itself, and representations-but no testimony or affidavits-by Hussein's counsel as part of an offer of proof, M.R. Evid. 103(a)(2), (b), seeking to admit the video.
 

 [¶30] Although the trial court ultimately decided that the video should not be admitted, it permitted extensive examination of
 the officer regarding the events that appeared on the video, with that examination quoted in the Court's opinion. Court's Opinion ¶ 8. That examination, consistent with the video itself, indicates that Hussein and the officer were struggling on the floor for approximately two minutes while the recording was going on and that, during that time, Hussein, at some point, possessed a pen. Hussein's counsel argued that Hussein's possession of the pen and statements heard on the video demonstrated that Hussein, after initially refusing to sign the summons and being subject to arrest, was indicating a willingness to sign the summons.
 

 [¶31] The Court holds, surprisingly, that because the officer's testimony purportedly "fairly and accurately represented the events" shown on the video and properly authenticated the video, M.R. Evid. 901(b)(1), the trial court's refusal to admit the video was "an abuse of discretion." Court's Opinion ¶¶ 13, 17.
 

 [¶32] In my view, the trial court did not err in refusing to admit the video. And even if, as the Court concludes, the trial court abused its discretion in refusing to admit the video because it deemed the video not properly authenticated, that error was harmless.
 
 See
 
 M.R.U. Crim. P. 52(a).
 

 [¶33] The Court's opinion itself describes the officer's testimony regarding the events that occurred and are depicted on the video and notes that the officer testified that the video "fairly and accurately represented the events shown in the scene." Court's Opinion ¶ 13. If the officer's testimony represented that the video fairly and accurately described the events shown regarding the struggle that occurred in attempting to arrest Hussein after the crimes had been committed, then the video could properly have been excluded as repetitive of testimony already given.
 

 [¶34] Further, and more importantly, there is no dispute that the video recording began only after Hussein had refused to sign the summons, attempted to flee, punched the officer in the face, and refused to submit to arrest-the crimes with which he was charged and convicted by the jury. The only relevance of the video was to show the continuing struggle to arrest Hussein after he had refused to submit to arrest, to indicate minor discrepancies between the after-the-crimes events as depicted on the video and the officer's testimony about those events, and to provide support for Hussein's claim that, with a pen, he was attempting to indicate to the officer that he was then willing to sign the summons. Hussein's prior attempt at flight, refusal to sign the summons, and punching the officer in the face had ended any chance that Hussein would not be arrested well before the video of the struggle with the officer had begun and Hussein had made his belated offer to sign the summons.
 

 [¶35] Because the video did not demonstrate major discrepancies in the officer's descriptions of the crimes committed, and was irrelevant to the crimes with which Hussein was charged-being a recording only of events after the crimes had been committed-the trial court properly excluded the video.
 

 [¶36] Although the trial court indicated that its reason for excluding the video was lack of proper authentication, M.R. Evid. 901(b)(1), all relevant factors must be considered in determining whether-or not-the court abused its discretion in excluding the video. The abuse of discretion determined by the Court may be found only when the appellant demonstrates that the trial court, in discretionary decision-making: (1) considered a factor prohibited by law; (2) declined to consider a legally proper factor under a mistaken belief that the
 factor cannot be considered; (3) acted or declined to act based on a mistaken view of the law; or (4) expressly or implicitly found facts not supported by the record according to the clear error standard of review.
 
 Smith v. Rideout
 
 ,
 
 2010 ME 69
 
 , ¶ 13,
 
 1 A.3d 441
 
 ;
 
 Pettinelli v. Yost,
 

 2007 ME 121
 
 , ¶ 11,
 
 930 A.2d 1074
 
 ;
 
 see also
 

 Sager v. Town of Bowdoinham,
 

 2004 ME 40
 
 , ¶ 11,
 
 845 A.2d 567
 
 (abuse of discretion may be found only when an appellant demonstrates that the decision-maker "exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law").
 

 [¶37] Considering that the video was repetitive of evidence presented to the jury, did not demonstrate significant discrepancies in the officer's description of the criminal acts, and began after the crimes had been committed, there is no basis for the Court to conclude that the trial court abused its discretion, requiring that the convictions for these charges be vacated.
 

 [¶38] Seeking to vacate the assault conviction, Hussein also argues that convictions for both assault and refusing to submit to arrest result in two convictions for the same criminal act, violating his constitutional protection from double jeopardy.
 
 See
 

 Ayotte v. State
 
 ,
 
 2015 ME 158
 
 , ¶¶ 12-14,
 
 129 A.3d 285
 
 . Double jeopardy concerns are avoided if each statute at issue requires proof of a fact that the other does not.
 
 Id.
 
 ¶ 14.
 

 [¶39] Assault requires intentionally, knowingly, or recklessly causing bodily injury or offensive physical contact. 17-A M.R.S. § 207(1)(A) (2018). Refusing to submit to arrest requires an intent to hinder, delay, or prevent a law enforcement officer from effecting an arrest with use of physical force against the law enforcement officer. 17-A M.R.S. § 751-B(1)(B) (2018). Refusing to submit to arrest requires proof that the crime was committed against a law enforcement officer, an element of proof not required for an assault
 
 .
 
 Assault requires proof that the perpetrator inflicted bodily injury or offensive physical contact on the victim, an element of proof not required for refusing to submit to arrest, where the physical force used may, as initially occurred here, involve pulling away and attempting to flee from a law enforcement officer without causing injury or offensive contact. It should also be noted that the physical contacts related to Hussein's refusal to submit to arrest continued for minutes after his specific assault on the officer, constituting a separate criminal act. Thus, no double jeopardy is generated by the convictions.
 

 [¶40] I would affirm the trial court's judgment entered on the jury's verdict.
 

 The record does not indicate why the State elected to charge Hussein with simple assault (Class D), 17-A M.R.S. § 207(1)(A) (2018), rather than the more serious felony that the record indicates Hussein actually committed.